IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

WALHONDE TOOLS, INC.,

    Plaintiff,

v.

Civil Action No. 1:09-CV-48

WILSON WORKS, INC., a West
Virginia corporation, NORTHCO
CORP., a West Virginia corporation,
NAES POWER CONTRACTORS, INC.,
a successor by merger to American Boiler
& Chimney Company, a Washington
corporation, MINNOTTE
CONTRACTING CORPORATION, a
Pennsylvania corporation, FOSTER
WHEELER ZACK, INC., a Delaware
corporation, DAY & ZIMMERMAN
NPS, INC., a Delaware corporation,

    Defendants.

## DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MARKMAN RESPONSE BRIEFS

Defendants, Wilson Works, Inc. ("Wilson"), NAES Power Contractors, Inc. ("NAES"), Minnotte Contracting Corporation ("Minnotte"), and Foster Wheeler Zack, Inc., collectively and jointly file this Motion to Strike Plaintiff's Response Briefs (Doc. Nos. 140, 141 and 142) for failure to comply with this Court's Scheduling Order dated September 18, 2009 (Doc. No. 76) and for exceeding the scope of a proper responsive pleading.

A. **Background**

    1.    The Court entered a Scheduling Order on September 18, 2009. *See* Doc. No. 76.

#1817962

2. Pursuant to the Scheduling Order, <u>all</u> parties were required to file Markman Briefs on <u>September 1, 2010</u>.

3. The Defendants each filed Markman Briefs on September 1, 2010. *See* Doc. No. 133 (Wilson Works, Inc.'s Markman Brief); Doc. No. 134 (Minnotte's Markman Brief); Doc. No. 135 (NAES Power Contractors, Inc.'s Markman Brief); and Doc. No. 136 (Foster Wheeler Zack, Inc.'s Markman Brief).[1]

4. Plaintiff failed to file any Markman brief on September 1, 2010, despite this Court's Scheduling Order.

5. Pursuant to the Scheduling Order, <u>all</u> parties were required to file Markman Responses on <u>September 15, 2010</u>.

6. On September 15, 2010, Wilson and Minnotte filed Markman Responses. (See Doc. Nos. 138 and 139, respectively).

7. Plaintiff failed to file any Markman Response on September 15, 2010, despite this Court's Scheduling Order.

8. On <u>September 16, 2010</u>, Plaintiff filed "responses" to three of the Defendants' Markman Briefs. *See* Doc. No. 140 (Plaintiff's Response to NAES Markman Brief); Doc. No. 141 (Plaintiff's Response to Minnotte's Markman Brief): and Doc. No. 142 (Plaintiff's Response to Wilson's Markman Brief). (Plaintiffs' filings are hereinafter referred to collectively as "Plaintiff's Responses" or "Responses").

9. Defendants respectfully submit that the Court, pursuant to F. R. Civ. P. 16(f)(1)(C), strike the "Responses" filed by Plaintiff for failure to obey a scheduling or other pretrial order, as permitted by F. R. Civ. P. 37(b)(2)(A)(ii)-(vii).

---

[1] Defendant Northco has never responded to the Complaint and did not file a Markman brief. Also, it is believed that Defendant Day & Zimmerman NPS, Inc. reached a settlement prior to the September 1, 2010 Markman brief deadline.

10. Moreover, as set forth in L. R. Civ. P. 37.01: "Counsel and parties are subject to sanctions for failures and lack of preparation specified in Fed. R. Civ. P. 16(f) respecting pretrial conferences and orders."

11. L. R. Civ. P. 37.01 is specifically incorporated in this Court's Scheduling Order of September 8, 2009: "Counsel and parties are subject to sanctions for failures and lack of preparation specified in Fed. R. Civ. P. 16(f) and L. R. Civ. P. 37.01 respecting pretrial conferences and orders." See Doc. No. 76 at ¶ 18.

12. The relief sought by Defendants is not extraordinary and has been accepted by other courts. *See Coupled Products, LLC v. Nobel Automotive Mexico, LLC*, No. 09-cv-0323, WL 2035829 (W.D. La. May 14, 2010), a copy of which is attached hereto as Exhibit 1.

13. In *Coupled Products*, the parties filed a joint claim construction statement identifying disputed claim terms and each party's associated constructions. *See id. at *1*. However, the plaintiff then filed its brief with new constructions. *See id.* The defendant moved to strike the portions of that brief with the new constructions. *See id.* The Court granted the motion, finding that the plaintiff seriously breached the Court's scheduling order. *See id.* at *2. The Court stated that the defendants were "denied the opportunity to address Plaintiff's revised constructions" and that those revisions "violate[d] both the letter and the spirit of the Scheduling Order." *Id.*

**B.   Plaintiff Waived its Right to File a Markman Response**

14. Plaintiff failed to comply with this Court's Scheduling Order, which required Markman Briefs to be filed on or before September 1, 2010.

3

15. Further, at no time between September 1 and September 16 did Plaintiff request an extension (from counsel or the Court) to file a Markman Brief.

16. Moreover, in its Responses, Plaintiff failed to provide any reason for its failure to comply with this Court's Scheduling Order.

17. The Scheduling Order was entered on September 18, 2009, and provided Plaintiff with nearly one full year to prepare and file a Markman Brief.

18. Most importantly, the Scheduling Order provided an organized and fair procedure for the parties to submit their respective claim construction arguments, with each party having the opportunity to respond to the other parties' arguments.

19. This organized procedure, if followed by the parties, eliminated the need for reply briefs.

20. By failing to file a Markman Brief and later raising all of its arguments in a "response" brief, Plaintiff effectively eliminated the Defendants' ability to respond to Plaintiff's arguments.

21. Plaintiff should not be rewarded for its failure to comply with this Court's orders and "get the last word" on all claim construction issues.

22. Defendants are unfairly prejudiced by Plaintiff's tactics and respectfully request relief from the Court in the form of an order striking Plaintiff's Responses, for failure to comply with the Court's Scheduling Order.

**C.  Plaintiff's "Responses" are Untimely**

23. Even if this Court were to permit Plaintiff to file a Markman Response, despite having failed to file a Markman Brief, Plaintiffs "Responses" were untimely filed.

24. The Scheduling Order was clear, unambiguous and not open to interpretation:

| TABLE OF DATES AND DEADLINES | |
|---|---|
| PLAINTIFF JOIN PARTIES OR AMEND PLEADINGS | October 30, 2009 |
| DEFENDANT JOIN PARTIES OR AMEND PLEADINGS | October 30, 2009 |
| MARKMAN BRIEFS | September 1, 2010 |
| MARKMAN RESPONSES | September 15, 2010 |
| MARKMAN HEARING | October 15, 2010 9:30 A.M. |
| SUPPLEMENTAL POST-MARKMAN BRIEFS | November 15, 2010 |
| RESPONSES TO SUPPLEMENTAL BRIEFS | November 30, 2010 |

WALHONDE TOOLS, INC. v. WILSON WORKS, INC., ET AL.   1:09CV48
SCHEDULING ORDER

25. The Scheduling Order required Markman Responses to be filed on September 15, 2010.

26. By filing its Responses on September 16, 2010, Plaintiff failed to comply with this Court's Scheduling Order.

27. Defendants respectfully request relief from the Court in the form of an order striking Plaintiff's Responses for being untimely filed.

**D.  Plaintiff's "Responses" Go Far Beyond Responses to Defendants' Markman Briefs**

28. Plaintiff's Responses go beyond responses to the Markman Briefs filed by the Defendants.

5

29. First, Plaintiff's Responses set forth Plaintiff's "Background and Motivation for the Patent." *See* Doc. No. 140 at p. 4; Doc. No. 141 at p. 4; and Doc. 142 at p. 4.

30. Describing Plaintiff's take on the prior art and the "motivation" behind the invention described in the Patent-in-Suit are not issues for a responsive pleading, and should have properly been raised in an initial Markman Brief.

31. Second, Plaintiff's Responses set forth Plaintiff's legal arguments on "Claim Construction Legal Standards." *See* Doc. No. 140 at p. 6; Doc. No. 141 at p. 6; and Doc. 142 at p. 6.

32. Again, Plaintiff's legal arguments relate to the issues of general claim construction; the hierarchy of intrinsic versus extrinsic evidence; importing limitations from the specification; and term usage and claim differentiation, all issues that properly should have been raised in an initial Markman brief, not slipped into a purported responsive pleading.

33. Third, in its Responses, Plaintiff raises its position that many of the claim terms should be construed consistent with their plain meanings. *See* Doc. No. 140; Doc. No. 141; and Doc. 142.

34. If Plaintiff wished to take the position that most of the claims should be construed consistent with their plain meaning, Plaintiff should have taken the time to state this position in an initial Markman Brief, not as a critique on Defendants' proposed constructions.

35. Fourth, Plaintiff's Responses set forth Plaintiff's specific proposed constructions for several of the claim terms rather than only responding to Defendants' proposed constructions.

36. As set forth in more detail below, Plaintiff offers a "Proposed Alternative Construction" for many of the terms, which should have properly been raised in an initial Markman Brief, not in a response.

37. Fifth, many of the asserted claims contain "means for ..." language.

38. Federal Circuit case law clearly provides that when claims are written in a means-plus-function format pursuant to 35 U.S.C. §112(6), a two-step analysis is used to construe their meaning: "First, we determine the claimed function. Second, we identify the corresponding structure in the written description that performs that function." *JVW Enterprises, Inc. v. Interact Accessories, Inc.*, 424 F.3d 1324, 1330 (Fed. Cir. 2005) (citing *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1322 (Fed. Cir. 2003)).

39. By failing to file a Markman Brief, Plaintiff failed to identify for the Court the claimed function for these claims and the corresponding structure in the written description that performs that function.

40. These are not "response" issues, but rather, issues that should have properly been raised in an initial Markman Brief.

41. More specifically, with respect to NAES' proposed claim construction, Plaintiff provides its own "Proposed Alternative Construction" for the following claim terms:

    a. Claim 1 - "*one of said clamp members including a threaded bore extending therethough*" (Doc. 140 at pp. 14 and 19);

7

    b.    Claims 1, 3, 4, 8, 9, 10 and 11 - "*single*" (Doc. 140 at pp. 15 and 19);

    c.    Claims 1, 2, 4, 6, 7, 8, 9, 10 and 11 - "*pair*" (Doc. 140 at pp. 15 and 19);

    d.    Claim 7 - "*means moving the clamp members toward each other for secure clamping engagement*" (Doc. 140 at pp. 17 and 20); and

    e.    Claim 10 - "*bolt means*" (Doc. 140 at pp. 19 and 20).

42.    With respect to Minnotte's proposed claim construction, Plaintiff provides its own proposed construction for the following claim terms:

    a.    Claim 1 - "*means moving the clamp members toward each other for secure clamping engagement*" (Doc. No. 141, App. A at pp. 3-4);

    b.    Claim 1 - "*bolt means connecting said clamp members for moving the clamp members towards each other and enabling the clamp members to be moved away from each other and to be separated, said bolt means including a headed bolt having a threaded end portion,*" (Doc. No. 141, App. A at pp. 5-6);

    c.    Claim 1 - "*single bolt*" (Doc. No. 141, App. A at p. 7);

    d.    Claim 3 - "*the threaded bore is formed in the clamp member positioned inwardly of the boiler wall tubes*" (Doc. No. 141, App. A at pp. 8-9);

    e.    Claim 4 - "*means moving the clamp members towards each other for secure clamping engagement with adjacent ends of the tube for maintaining them in alignment while connecting the ends of the tube by welding*" (Doc. No. 141, App. A at pp. 10-11);

    f.    Claim 4 - "*bolt means connecting said clamp members for moving the clamp members towards each other and enabling the clamp members to be

8

        *moved away from each other and to be separated, said bolt means including a headed bolt having a threaded end portion*" (Doc. No. 141, App. A at pp. 12-13);

g.    Claim 4 - "*single recess therein*" (Doc. No. 141, App. A at p. 14);

h.    Claim 7 - "*recess means therein to engage adjacent ends of at least one boiler wall tube on opposite sides of a juncture between the adjacent tube ends*" (Doc. No. 141, App. A at p. 17);

i.    Claim 7 - "*means moving the clamp members towards each other for secure clamping engagement*" (Doc. No. 141, App. A at pp. 18-19);

j.    Claim 7 - "*bolt means extending between the tubes in the areas from which the webs have been removed*" (Doc. No. 141, App. A at pp. 19-20);

k.    Claim 10 - "*bolt means moving the clamp members towards each other for secure clamping engagement of the adjacent ends of a pair of boiler wall tubes for maintaining them in alignment while connecting the ends of the tubes by welding*" (Doc. No. 141, App. A at pp. 24-25);

l.    Claim 10 - "*single bolt*" (Doc. No. 141, App. A at p. 26);

m.    Claim 11 – "*a single recess therein to engage adjacent ends of a boiler wall tube on opposite sides of a juncture between the adjacent ends*" (Doc. No. 141, App. A at pp. 28-29); and

n.    Claim 11 – "*bolt means moving the clamp members towards each other for secure clamping engagement of the adjacent ends of the boiler wall tube for maintaining them in alignment while connecting the ends of the tube by welding*" (Doc. No. 141, App. A at pp. 29-30).

43. With respect to Wilson's proposed claim construction, Plaintiff provides its own proposed construction for the following claim terms:

    a.    Claims 1, 2, 4, 5, 7, 8, 9, 10 and 11 – "*periphery*" (Doc. No. 142 at pp. 12-13);

    b.    Claims 1, 3, 4, 6, 8 and 9 - "*threaded bore*" (Doc. No. 142 at pp. 13-14);

    c.    Claims 1, 3, 4, 8, 9, 10 and 11 - "*single*" (Doc. No. 142 at pp. 14-15); and

    d.    Claims 1, 2, 4, 6, 7, 8, 9, 10 and 11 - "*pair*" (Doc. No. 142 at pp. 14-15).

44. All of the aforementioned factual and legal arguments should have properly been raised in an initial Markman brief, not in a response.

45. By waiting until after Defendants filed both their Markman Briefs and Markman Responses, Plaintiff has unfairly obtained the last word on these issues and the only word on its proposed constructions.

46. By providing its original claim constructions after the deadline in the Scheduling Order for filing a Markman Response, Plaintiff has eliminated the Defendants' opportunity provided to respond.

47. Defendants are unfairly prejudiced by Plaintiff's tactics and respectfully request relief for the Court in the form of an order striking Plaintiff's Responses, for failure to comply with the Court's Scheduling Order.

**E. Conclusion**

48. Accordingly, Defendants respectfully request that this Court strike the "Responses" filed by Plaintiff (Doc. Nos. 140, 141 and 142). Moreover, Defendants respectfully request that Plaintiff be prohibited from disputing the claim constructions set

forth in the Markman briefs filed by the Defendants, in light of Plaintiff's failure to comply with this Court's Scheduling Order.

Dated: September 21, 2010

Respectfully Submitted,

By Counsel:

PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP

/s/ Robert J. D'Anniballe, Jr.
Robert J. D'Anniballe, Jr., Esquire
West Virginia Bar No. 920
333 Penco Road
Weirton, WV 26062
(304) 723-6314 - Telephone
(304) 723-6317 - Fax
E-mail: RJD@Pietragallo.com

/s/ Eric G. Soller
Eric G. Soller, Esquire
*Admitted Pro Hac Vice*
One Oxford Center
Pittsburgh, PA 15219
(412) 263-2000 - Telephone
(412) 263-2001- Fax
E-mail: EGS@Pietragallo.com
*Counsel for Minnotte Contracting Corporation*

/s/ James A. Walls
James A. Walls, Esquire
Spilman Thomas & Battle, PLLC
48 Donley Street, Suite 800
Morgantown, WV 26501
304-291-7947 - Telephone
304-291-7979 - Fax
Email: jwalls@spilmanlaw.com
      and
Richard W. James, Esquire
Spilman Thomas & Battle, PLLC -
Pittsburgh
301 Grant St., Suite 3440
Pittsburgh, PA 15219

11

412-325-3309 - Telephone
412-325-3324 - Fax
Email: rjames@spilmanlaw.com
*Counsel for Wilson Works, Inc.*

*/s/ Christopher S. Morris*
Christopher S. Morris, Esquire
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV  25301
      and
Jack A. Wheat, Esquire
Christina I. Ryan, Esquire
Stites & Harbison, PLLC
400 West Market Street, Suite 1800
Louisville, KY  40202-3352
(502) 681-0323 - Telephone
(502) 779-8273 - Fax
Email: jwheat@stites.com
*Counsel for NAES Power Contractors*

*/s/ Carl L. Fletcher, Jr.*
Carl L. Fletcher, Jr., Esquire
Daniels Law Firm, PLLC
P.O. Box 1433
Charleston, WV  25325
(304) 347-1744 - Telephone
(304) 347-2196 - Fax
Email: cfletcher@bowlesrice.com
      and
Henry J. Renk, Esquire
Fitzpatrick, Cella, Harper & Scinto
1290 Avenue of the Americas
New York, NY  10104-3800
(212) 218-2250 - Telephone
(212) 218-2100 - Fax
Email: hrenk@fchs.com
*Counsel for Foster Wheeler Zack, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon the parties by electronically filing the same with the Court's CM/ECF system, which will send notification to the following CM/ECF participants, this 21st day of September, 2010, as follows:

Robert R. Waters, Esquire
Jason A. Poling, Esquire
Olen L. York, III, Esquire
Waters Law Group, PLLC
633 Seventh Street
Huntington, WV 25701
*Counsel for Plaintiff*

James A. Walls, Esquire
Spilman Thomas & Battle, PLLC
48 Donley Street, Suite 800
Morgantown, WV 26501
and
Richard W. James, Esquire
Spilman Thomas & Battle, PLLC - Pittsburgh
301 Grant St., Suite 3440
Pittsburgh, PA 15219
*Counsel for Wilson Works, Inc.*

Christopher S. Morris, Esquire
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301
and
Jack A. Wheat, Esquire
Christina I. Ryan, Esquire
Stites & Harbison, PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
*Counsel for NAES Power Contractors*

Carl L. Fletcher, Jr., Esquire
Daniels Law Firm, PLLC
P.O. Box 1433
Charleston, WV 25325
and
Henry J. Renk, Esquire
Fitzpatrick, Cella, Harper & Scinto
1290 Avenue of the Americas
New York, NY 10104-3800
*Counsel for Foster Wheeler Zack, Inc.*

John C. Palmer, IV, Esquire
Robinson & McElwee, PLLC - Charleston
P.O. Box 1791
Charleston, WV 25326
and
Eric S. Marzluf, Esquire
James J. Kozuch, Esquire
1635 Market Street, 11th Floor
Philadelphia, PA 19103-2212
*Counsel for Day & Zimmerman NPS, Inc.*

/s/ Robert J. D'Anniballe, Jr.
Robert J. D'Anniballe, Jr., Esquire
*Attorney for Defendant,
Minnotte Contracting Corporation*

# EXHIBIT 1

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.

Only the Westlaw citation is currently available.

United States District Court, W.D. Louisiana,
Shreveport Division.
COUPLED PRODUCTS, LLC
v.
NOBEL AUTOMOTIVE MEXICO, LLC.
**Civil Action No. 09-cv-0323.**

May 14, 2010.

Bernard S. Johnson, Kristina Brown Gustavson, Cook, Yancey, King & Galloway, Shreveport, LA, Bradley P. Nelson, Todd H. Flaming, Schopf & Weiss, Chicago, IL, for Coupled Products, LLC.

Mary L. Meyer, Gregory Fortier Rouchell, Jason Paul Mueller, Joseph W. Looney, Adams & Reese, New Orleans, LA, for Nobel Automotive Mexico, LLC.

**MEMORANDUM ORDER**

MARK L. HORNSBY, United States Magistrate Judge.

*1 Before the court is Defendants' **Motion to Strike Portions of Plaintiff's Opening Brief on Claim Construction (Doc. 84).** For the reasons that follow, the motion is **granted.**

This patent infringement case is set for a *Markman* hearing on June 21, 2010. The court's Scheduling Order (Doc. 35) imposed the following deadlines, among others:

| | |
|---|---|
| December 15, 2009 | Exchange of claim terms requiring construction and proposed constructions. |
| January 29, 2010 | Filing a joint claim construction statement setting forth the claim issues agreed upon, identifying all disputed claim issues, and setting forth each side's proposed claim constructions. |
| February 26, 2010 | Claim construction discovery. |
| March 19, 2010 | Opening briefs on claim construction. |

At the request of the parties, the court extended the deadline to exchange claim terms and proposed constructions until January 20, 2010. Doc. 49. The court also extended the deadline for filing a joint claim construction statement until February 12, 2010. *Id.*

The parties timely filed their Joint Claim Construction Chart on February 12, 2010. Doc. 55. However, at the request of the parties, the discovery deadline was extended to March 11, 2010. Doc. 65.

Shortly before the March 19, 2010 deadline for opening briefs, Plaintiff requested an extension of the opening brief deadline to April 9, 2010. Doc. 74. Because Plaintiff provided no reasons whatsoever for the extension, the court denied the motion. Doc. 79. However, because the motion was filed so close to the

March 19, 2010 deadline, the court extended the deadline to March 23, 2010 as an accommodation to all parties. *Id.*

Plaintiff timely filed its opening brief on claim construction. Doc. 81. However, Defendants argue that Plaintiff's brief violates the court's Scheduling Order deadlines in two significant ways. First, Plaintiff argues in Sections 3(D) and 3(E) for adoption of *new* constructions (contrary to the constructions set forth in the parties' joint claim construction statement filed on February 12, 2010). Doc. 55. Second, Plaintiff attached as Exhibit C the parties' Joint Claim Construction Chart (originally filed as Doc. 55), but Plaintiff unilaterally modified that (joint) document by superimposing shaded text boxes that appear in the caption and on the pages where Plaintiff changed its original claim constructions.

Plaintiff argues that it did not violate the Scheduling Order because the Joint Claim Construction Chart submitted by the parties contained a reservation of rights to amend their claim construction positions. Plaintiff notes that nothing in the Joint Claim Construction Chart requires a party to file a motion or seek court approval for any modification. Plaintiff also notes that Defendants changed their claim constructions on the day the Joint Claim Construction Chart was due.

Plaintiff's argument has no merit. The deadlines set by the court control scheduling in a case, and a party's attempt to circumvent those deadlines with a "reservation of rights" provision is audacious. Indeed, if Plaintiff's argument is accepted at face value, litigants could circumvent deadlines for pretrial orders, witness lists, exhibits, briefs, and jury instructions simply by inserting a reservation of rights provision in those filings. If Plaintiff had good cause to change its provisions of the Joint Claim Construction Chart, Plaintiff could and should have obtained leave of court to do so.

\*2 Plaintiff also argues that granting Defendants' motion to strike would invite reversible error, because the court has a continuing duty to construe a patent correctly notwithstanding the views asserted by the parties. Plaintiff notes that the court is free to revisit and modify claim constructions throughout the case and is not tied to any preliminary construction or time frame. All of that may be true, but none of the cases cited by Plaintiff can be interpreted to suggest that a party can simply ignore a court's Scheduling Order deadlines with impunity.

With regard to Plaintiff's unilateral alteration of the joint claim construction statement, Plaintiff states that it did not mean to imply that Defendants had agreed with the proposed modifications. Plaintiff apologizes to Defendants and the court for any misunderstanding. Doc. 90, p. 10.

Finally, Plaintiff argues that Defendants have not been harmed by Plaintiff's modified constructions. Plaintiff argues that its proposed modified constructions are very minor and, for the most part, suggests the court adopt the "plain meaning" of the terms. Plaintiff also argues that Defendants did not do any discovery or hire any experts with regard to claim construction, so Defendants have not been harmed by having been deprived of discovery on the new claim constructions.

Plaintiff's arguments overlook the fact that Defendants were denied the opportunity to address Plaintiff's revised constructions in Defendants' opening brief. Plaintiff's revisions violate both the letter and spirit of the Scheduling Order.

After considering all of the arguments of the parties, the court finds that Plaintiff committed a serious and material breach of the court's Scheduling Order by unilaterally altering its claim constructions after the deadline and filing a modified Joint Claim Construction Chart wrongly suggesting that Defendants approved the changes. The undersigned does not believe that Plaintiff or its counsel attempted to mislead the court in any way by altering the document. Nevertheless, it was improper and could have led to a great deal of confusion.[FN1]

> FN1. In fact, when the undersigned printed the motions/briefs now before the court (a common practice when working on complex matters), Plaintiff's modifications to the chart (which are

clearly noted in red on the undersigned's computer monitor) are not reflected at all on the printed pages.

The appropriate remedy is to strike Sections 3(D) and 3(E) from Plaintiff's opening brief and Exhibit C from its Appendix. Accordingly, **Sections 3(D) and 3(E) of Plaintiff's** opening brief and Exhibit C from the Appendix are hereby stricken. Defendants' request for fees and expenses in connection with the motion to strike is **denied.**

W.D.La.,2010.
Coupled Products, LLC v. Nobel Automotive Mexico, LLC
Slip Copy, 2010 WL 2035829 (W.D.La.)

END OF DOCUMENT